Bissell, J.,
delivered the opinion of the court.
This suit was begun in April, 1895, by Underwood and his wife against Rankin, the appellant, under an agreement, *159 as they alleged it, whereby the plaintiffs entered Rankin’s employ and took charge of his farms and ranches in Weld county at a specified wage. The agreement of employment also included, according to the cause of action as stated, an agreement by Underwood and his wife to board the farm hands employed on the ranches at a fixed price per week. They alleged the commencement of the employment according to the agreement and its continuance for a fixed period, and the obligation of the defendant to pay the plaintiffs a certain sum for the wages of the husband, and a certain sum for the board of the ranch hands. This included the material furnished and the labor of the wife in caring for the household matters and in cooking for the help. The defendant denied the agreement as stated, although he admitted the employment of Underwood, but disputed the compensation. It is wholly unnecessary to state the terms of the engagement or the differences between the parties. The issue was sharply defined and was submitted to the jury under instructions which are uncomplained of, and they rendered a verdict against the plaintiff for $242.34.
The case calls for no extended discussion of any particular proposition of law, because no question was made respecting the joinder of parties or the right of recovery, except as to the services claimed. On these matters evidence was introduced on behalf of both parties, and the jury found on all matters with the plaintiffs. This verdict settles the question of fact, and although the appellant insists that the verdict was not sustained by the testimony, we find enough in the record on which the jury might conclude the proof was with the plaintiffs, if they accepted their theory of the engagement and their evidence respecting it. Since the verdict was rendered on conflicting testimony, we are not at liberty to disturb it, so long as we are able to find anything in the record on which it can be rested.
The principal argument of counsel is based on the rulings of the court with reference to the admission of testimony. We are unable to say that the court committed error in its *160 rulings, or that the questions which were objected to and excluded were proper in form. If they had been, and the questions ruled out as they were, it cannot be seen that they operated to the prejudice of the defendant, or would have produced a different result, nor that the substantial rights of the parties have not been settled on the trial. The only inquiry which was objected to and which furnishes any basis for discussion is one put to the defendant which sought to elicit the substance of a memorandum and its rejection as evidence. We are unable to conclude it was an admissible piece of testimony. After the engagement was terminated, Underwood and Rankin came together for the purpose of trying to effect a settlement, and in the course of the conversation Underwood stated the details of what he claimed, which Rankin states he made a memorandum of. He gave his version of what occurred, and his statements were before the jury for their consideration. The memorandum was made by the defendant and not by the plaintiff, and therefore could not be taken as an admission and therefore usable as against him, and while it might have been referred to, and probably was, for the purpose of refreshing the recollection of the witness, it did not become a competent piece of testimony, and its exclusion did not constitute error.
The defendants set up the failure of the plaintiff to perform his engagement, and attempted to show by way of mitigation of recovery that the services were not worth the siirn claimed. While it is somewhat doubtful whether that line of examination was permissible under the issues, and whether the real issue had not been narrowed down to one of contract, which would exclude this class of testimony, the question which was propounded and ruled out was clearly inadmissible in the form in which it was put, and error cannot be successfully assigned on the ruling. Aside from this consideration, however, the defendant did give testimony as to the value of Underwood’s labor, and the actual fact was therefore before the jury.
We are unable to find any errors of law inhering in the *161 record, and since, so far as we are able to discover from a perusal of the testimony, substantial justice was done between the parties, and we are bound by the verdict, the statute does not permit us to overturn the judgment, even though we might differ with the jury in respect to the weight and preponderance of the testimony. The judgment must therefore, under these very well settled rules, be affirmed.

Affirmed.